**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| RONALD MATHEWS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:  2:05-CV-91-PRC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Petition for Attorney Fee Pursuant to §206(b)(1) [DE 45], filed by Attorney Frederick J. Daley, Jr., one of the attorneys for Plaintiff Ronald Mathews, on September 14, 2007.  Attorney Daley  seeks an award of attorney's fees in relation to Plaintiff's application for disability benefits.  On September 28, 2007, the Commissioner filed a Response, and on October 9, 2007, Attorney Daley filed a Reply.  For the following reasons, the Court grants the Petition for Attorney Fees.

**PROCEDURAL BACKGROUND**

On October 30, 1996, Plaintiff filed an application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"), alleging an onset date of November 2, 1983.  The applications were denied initially on February 13, 1997, and upon reconsideration on April 4, 1997. Plaintiff filed a timely Request for Hearing, which was held on December 17, 1997, before an ALJ. The ALJ issued a partially favorable decision on May 27, 1998, in which he awarded SSI benefits as of October 30, 1996, but denied DIB.

Plaintiff appealed on May 10, 1999, arguing that the ALJ's decision denying him DIB benefits was in error because the ALJ failed to adequately consider Plaintiff's subjective complaints in regard to pain and other limitations.  On October 18, 2000, the Appeals Council remanded the case for a new hearing on Plaintiff's DIB application.

Pursuant to the remand order, a second hearing was held on June 14, 2002, in Gary, Indiana, before ALJ Robert C. Asbille, at which Plaintiff was represented by attorney James Balanoff.  On July 26, 2002, ALJ Asbille issued a decision denying DIB benefits to Plaintiff.

Plaintiff again appealed, and on December 17, 2004, the Appeals Council denied Plaintiff's Request for Review, rendering ALJ Asbille's July 26, 2002 decision the final decision of the Commissioner.

A Complaint was timely filed by Plaintiff with this Court on March 7, 2005, seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  On October 5, 2005, Plaintiff filed an Opening Brief.  On November 22, 2005, the Commissioner filed a Defendant's Memorandum in Support of Commissioner's Decision.  Plaintiff then filed a Reply Brief on January 3, 2006.  On May 3, 2006, the Court reversed the July 26, 2002 decision and remanded for further proceedings.

On August 1, 2006, Plaintiff's counsel filed an Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA").  On June 7, 2007, the Court issued an order granting the application and ordering that payment in the amount of $6,230.00 be made to Plaintiff's attorney.

On July 24, 2007, Plaintiff prevailed on remand when the ALJ issued a favorable decision, awarding benefits back to October 1995.  The Commissioner's Office of Central Operations calculated the past due benefits and awarded Plaintiff $89,875.00.  Of this amount, $22,468.75

2

represents twenty-five percent of the award and that amount was withheld for the direct payment of attorney's fees by the Social Security Administration.

On September 14, 2007, Plaintiff's counsel filed the instant Petition for Attorney Fees Pursuant to § 206(b)(1).  The Commissioner filed a response in opposition on September 28, 2007, and Plaintiff's counsel filed a reply on October 9, 2007.  The Court has jurisdiction over this fee petition pursuant to 42 U.S.C. § 406(b) as the Court reversed and remanded this matter for further proceedings on May 3, 2006.

## ANALYSIS

In his Petition, Plaintiff's counsel seeks an award of attorney's fees pursuant to section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1).  Plaintiff's counsel requests that the Court award attorney's fees in the amount of $22,468.75, which represents twenty-five percent of the ALJ's July 24, 2007 favorable award for past-due benefits.  Plaintiff's counsel contends that, given the contractual intent of the parties evidenced in their fee agreement, the risk that counsel assumed in accepting this case, and the favorable results obtained on behalf of Plaintiff, the requested fee is reasonable.  The Commissioner opposes the requested award of fees and argues that the amount requested is unreasonable.

Fees for representing Social Security benefits claimants are governed by the Social Security Amendments of 1965.  *See* 42 U.S.C. § 406 (2000).  Section 406(a) deals with fees for representation in administrative proceedings, whereas § 406(b) governs fees for representation in court.  *See id.*; 20 C.F.R. § 404.1728.  The Social Security Act provides for an award of attorney's fees for "a judgment favorable to the plaintiff."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002).

3

Further, the statute provides that a reasonable fee will not exceed twenty-five percent of the past due benefits. *See* 28 U.S.C. § 406(b). Likewise, fees can *only* be obtained from past due benefits; attorneys cannot gain additional fees simply because a claimant is entitled to continuing benefits. *See id*. Because the statute sets out the exclusive method for obtaining fees for successful representation, demanding or collecting anything more than the authorized allocation of past due benefits is a criminal offense. *See Gisbrecht*, 535 U.S. at 795; 20 C.F.R. §§ 404.1740-1799.

Further, the Equal Access to Justice Act ("EAJA") increases the amount of past due benefits a social security claimant may receive after attorney's fees are deducted because an attorney's fee award under § 206(b)(1) is reduced by the fees already paid to the attorney under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *see* 28 U.S.C. § 2412. Under the EAJA, a prevailing party may be awarded fees if the government's position was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht*, 535 U.S. at 796 ("Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'"); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). EAJA fees are determined by the time spent on the case and a reasonable hourly rate capped at $125.00 per hour. *See Gisbrecht*, 535 U.S. at 796; 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(A). Fee awards may be granted under both EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht*, 535 U.S. at 796.

In this matter, Plaintiff is a prevailing party because the Court remanded the Commissioner's decision, and, on remand, Plaintiff prevailed and received past due benefits. Notably, the

Commissioner does not object to the awarding of fees in this case.  Rather, he argues that the amount of the attorney's fees sought is unreasonable and excessive and would amount to a windfall for Plaintiff's attorney.  The Commissioner argues that a fee award of $22,468.75 is unreasonable because Plaintiff is seeking to recover attorney's fees for 12.10 hours of attorney work and 36.75 hours of paralegal/law clerk work.  This request amounts to approximately $460 an hour for the 48.84 total hours worked by counsel and his staff.  Or, as the Commissioner calculates, if the 36.75 paralegal/law clerk hours are billed at $100 an hour and are deducted from the $22,468.75, the remaining $18,793.75 for the 12.10 attorney hours amounts to $1,553.20 an hour for the attorney work in this case.  However, the Commissioner does not suggest a reasonable amount of attorney's fees.  As the prevailing party, Plaintiff, through his attorney, has the burden of proving that the fees he seeks are reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

As interpreted by the Supreme Court in *Gisbrecht*, the language of § 406 provides for a reasonable fee that does not exceed twenty-five percent of the past due benefits.  *See* 535 U.S. at 800, 807.  The *Gisbrecht* court held that contingent fee agreements shall be used as the primary means to calculate attorney's fees.  *See id*.  The Supreme Court recognized that contingent fee contracts are the most common payment arrangement between Social Security claimants and their counsel.  *Id*. at 803.  In *Hensley*, the court stated that attorneys should recover a "fully compensatory fee" when the client receives "excellent results."  461 U.S. at 435.

In considering the legislative history of the Social Security Act, the court in *Gisbrecht* noted that, although Congress intended to protect claimants from "inordinately large fees," nothing demonstrates a congressional intent to discourage attorneys and claimants from contingency agreements.  535 U.S. at 790-91 (stating that Congress likely meant to contain, not prevent,

contingency agreements).  Further, "[a]ttorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and . . . risk[ing] that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate." *Hensley*, 461 U.S. at 448-49 (Brennan, J., concurring in part and dissenting in part).

The Seventh Circuit has also addressed the question, although it did so prior to the Supreme Court's decision in *Gisbrecht*, and held that courts should defer to the parties' reasonable intentions in analyzing attorney's fees.  *See McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989).  Where there is a contingent fee contract between the claimant and the attorney, the proper starting point in considering the reasonableness of a fee is the contract; "[s]imply determining a reasonable hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract." *Id*. at 980; *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1082 (E.D. Wis. 2007) (finding that "the Commissioner's focus on a projected hourly rate is misplaced").

The *Blankenship* factor approach helps determine whether a contingency fee is reasonable. *Blankenship v. Schweiker*, 676 F.2d 116, 117-18 (4th Cir. 1982); *see also McGuire*, 873 F.2d at 983. The factors include: (1) time and labor required; (2) skill required; (3) contingency of fee; (4) amount involved and results obtained; (5) experience, reputation, and ability of the attorney; and (6) awards in similar cases.  *See Blankenship*, 676 F.2d at 117-18.  In *Gisbrecht*, the court noted that a contingent fee may be reduced if the quality of work is substandard, if the attorney causes a delay in the litigation, or if fees are too large when compared to time counsel spent on the case.  *See* 535 U.S. at 806.  Additionally, deference to the contract may be overcome if an attorney accepts an easy case pursuant to a full twenty-five percent contingency contract.  *See McGuire*, 873 F.2d at 981.

The Court declines the Commissioner's request to follow the method of calculation of attorney's fees in *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099-1100 (N.D. Ill. 2005). In *Hodges-Williams*, faced with a fee petition of $26,699.75 representing 25% of past due benefits and amounting to an hourly rate of more than $1,000.00 an hour, the Court determined that an hourly rate of $350.00 was reasonable and adjusted the attorney's fee accordingly, awarding $9,275.00. *Id.* Dividing the total fee into an hourly fee in this manner to determine reasonableness is contrary to the holdings of *Gisbrecht* and *McGuire*, both of which permit reasonable contingent fee agreements. As noted by Justice Brennan in his partial concurrence and partial dissent in *Hensley*, contingency contracts reflect the time-value of money and the risk taken by the party that he will not recover, meaning that the attorney may not be paid for time spent on the litigation. *See* 461 U.S. at 447-48 (Brennan, J., concurring in part and dissenting in part). Plaintiff and his counsel so allocated the risk in this litigation, so their contract will be the starting point in considering the reasonableness of the fee. To determine reasonableness, this Court will consider the fee in light of the *Gisbrecht* and *McGuire* holdings and the *Blankenship* factors.

The contract in this case is a standard contingency agreement signed by both Plaintiff and his attorney, and it uses the exact language of § 406(b) to provide for the statutory maximum attorney fee of twenty-five percent of past due benefits upon a successful result. In the event of an unsuccessful result, Plaintiff would not have owed his attorney a fee. However, the attorney obtained excellent results and recovered substantial past due benefits for Plaintiff, achieving the result sought by Plaintiff in his Complaint. During his representation, the attorney did not cause a delay in the litigation. Although the hours worked compared to the total fee requested may seem disproportionate at first glance, they reflect the time-value of money and the attorney's risk that he

could receive no payment for his services.  The contingent fee arrangement also accounts not only for the attorney's personal compensation but also for the overhead and salaries of paralegals and law clerks who work on both the winning and losing cases.

In this case, counsel began representation of Plaintiff at the United States District Court level, presenting multiple, separate issues to the Court for review.  To be successful, counsel had to obtain a remand, convince the Social Security Administration to award benefits, and convince the Social Security Administration of the onset date for the benefits to achieve Plaintiff's recovery.  Plaintiff's attorney successfully completed each of these tasks.  Plaintiff's attorney is experienced in Social Security litigation, as demonstrated by his representation of Plaintiff throughout this matter.  His experience, no doubt, aids in his evaluation of the record and his evaluation of the ALJ's findings to determine issues proper for appeal.  The attorney's experience in Social Security litigation served Plaintiff well and counsel should be compensated accordingly.  Although the Commissioner argues that the fee is unreasonable when viewed on an hourly basis, he makes no argument that counsel's representation of Plaintiff was substandard or less than successful.

In addition, as a result of the finding of disability based on the onset date of October 1995, not only was Plaintiff awarded back benefits but Plaintiff will also receive a monthly cash benefit of $852 and has the added value of Medicare and full retirement benefits.  Although these continuing and future benefits do not factor in to the basis for calculating the amount of the § 206(b)(1) attorney's fees, they nevertheless demonstrate the value of counsel's work to Plaintiff.  Finally, because counsel was awarded fees under the EAJA, the fee of $22,468.75 will be offset by the amount of the EAJA award of $6,239.00.  *See Koester*, 482 F. Supp. 2d at 1082 (relying on the fact that the plaintiff's counsel also received EAJA fees, which mitigated the amount of § 406 fees paid

by the plaintiff, as one factor supporting the court's decision to award the maximum amount of fees allowed under § 406 to plaintiff's counsel).   The Court finds that the contractual contingency arrangement, providing for an attorney's fee of twenty-five percent of the benefits awarded to Plaintiff, is reasonable compensation for the attorney's representation in this case and is not a windfall.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition for Attorney Fee Pursuant to §206(b)(1) [DE 45] and awards Plaintiff's attorney a total of $22,468.75 in attorney's fees pursuant to §206(b)(1).   The Court further **ORDERS** that payment by the Commissioner in the amount of $22,468.75 be paid directly to Attorney Frederick J. Daley, Jr. of the law firm of Daley, Debofsky & Bryant in accordance with the agreement signed by Plaintiff.   The Court further **ORDERS** Attorney Daley to **PAY** Plaintiff $6,239.00, which represents the amount of the EAJA award already paid to Attorney Daley and now credited to Plaintiff.

SO ORDERED this 1st day of November, 2007.


s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record